## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

DENNIS A. KORENCHUK and JENNIFER L.
KORENCHUK

        Plaintiffs,

v.                                                  Case No. 12-CV-12692
                                                    Honorable Denise Page Hood

CITIMORTGAGE, INC., and FEDERAL HOME
LOAN MORTGAGE CORPORATION,

        Defendants.

_____/

## ORDER GRANTING, IN PART, AND DENYING, IN PART, DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' COMPLAINT [#12] AND NOTICE OF STATUS CONFERENCE

This matter comes before the Court as one of many similar cases challenging

a foreclosure sale.  The Court now considers Defendants' Motion to Dismiss, filed

February 15, 2013.  For the reasons stated below, Defendants' Motion to Dismiss is

**GRANTED, IN PART**, and **DENIED, IN PART**.  **[Docket No. 12, filed February**

**15, 2013]**

## I.     BACKGROUND

This matter involves a challenge to the foreclosure of a certain property in

Hamburg Township.  **[Complaint, Docket No. 1, Pg ID 11]**  Plaintiffs Dennis and

Jennifer Korenchuk executed a loan with ABN Mortgage Group, Inc. for $282,900.00 on July 8, 2003. **[Docket No. 12, Ex. A]** The mortgage was recorded on July 31, 2003, with the Livingston County Register of Deeds. **[Docket No. 12, Ex. A]** The Note was secured by a mortgage. **[Docket No. 12, Ex. B]** On September 1, 2007, ABN Mortgage Group merged with Defendant CitiMortgage, Inc. **[Docket No. 12, Ex. C]**

According to Plaintiffs, Citi paid Plaintiffs' property taxes before they were due and despite the fact that there was no escrow, making Plaintiffs responsible for their own property taxes. **[Docket No. 1, Pg ID 11–12]** Citi's payment of Plaintiffs' property taxes caused the monthly mortgage payment to increase from $1,216.37 to $2,196.22 and Plaintiffs were unable to make the increased mortgage payment. **[Docket No. 1, Pg ID 12]**

Plaintiffs began a repayment plan on December 15, 2010. **[Docket No. 12, Ex. D]** Plaintiffs made six payments of $2,305.57 under the repayment plan but the balance of the deficiency never decreased. **[Docket No. 1, Pg ID 12]** A Citi representative advised Plaintiffs to default on the repayment plan, which Plaintiffs did. **[Docket No. 1, Pg ID 12]** Plaintiffs also requested a new loan modification. **[Docket No. 1, Pg ID 12]** Once they received the loan modification package, Plaintiffs completed the paperwork and returned it to Citi. **[Docket No. 1, Pg ID 12]** At the

time of the foreclosure and sale, Citi had not approved nor denied the loan modification. **[Docket No. 1, Pg ID 12-13]** The property was sold at Sheriff's Sale on December 7, 2011. **[Docket No. 1, Pg ID 13]** Defendant Federal Home Loan Mortgage Corporation (FHLMC) purchased the home. **[Docket No. 12, Ex. E]** The redemption period expired on June 7, 2012. **[Docket No. 12, Ex. E]** Plaintiffs do not allege that they attempted to redeem the property.

Plaintiffs filed this action in Livingston County Circuit Court on June 6, 2012, and Defendants removed it to this Court on June 20, 2012. **[Docket No. 1]** Plaintiffs allege in their Complaint: Violations of the Michigan Foreclosure Laws (Count I); Breach of Contract as to "Repayment Plan" (Count II); Breach of Contract (Count III); Fraud in the Inducement as to Defendant CitiMortgage, Inc. (Count IV); Fraud in the Inducement as to Defendant Federal Home Loan Mortgage Corporation (Count V); Quiet Title (Count VI); Slander of Title (Count VII); Slander by False Publication (Count VIII); Violations of M.C.L. § 600.3205(c) (Count IX); Promissory Estoppel (Count X); Relief from Sheriff Sale and/or Set Aside Foreclosure (Count XI); For Declaratory and Injunctive Relief Against Defendant (Count XII).

## II.    ANALYSIS

A Rule 12(b)(6) motion to dismiss tests the legal sufficiency of the plaintiff's complaint.   Accepting all factual allegations as true, the court will review the

3

complaint in the light most favorable to the plaintiff. *Eidson v. Tennessee Dep't of Children's Servs.*, 510 F.3d 631, 634 (6th Cir. 2007). To survive a motion to dismiss, the complaint must state sufficient "facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The complaint must demonstrate "more than a sheer possibility" that the defendant's conduct was unlawful. *Id.* at 556. Claims comprised of "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555. Rather, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

### A.    Expiration of the Redemption Period

Defendants argue that Plaintiffs no longer have standing to assert an interest in the property because the redemption period has expired. Under Michigan law, non-judicial foreclosures are governed by statute. MICH. COMP. LAWS § 600.3204; *Senters v. Ottawa Sav. Bank, FSB*, 503 N.W.2d 639, 641 (Mich. 1993). "Once the mortgagee elects to foreclose a mortgage by this method, the statute governs the prerequisites of the sale, notice of foreclosure and publication, mechanisms of the sale, and redemption." *Id.* After a foreclosure sale, the mortgagor has a period of six months in which he may redeem the property. MICH. COMP. LAWS § 600.3240(8). Upon

4

expiration of the redemption period, all rights and title vest in the purchaser of the foreclosed property.  *See* MICH. COMP. LAWS § 600.3236.  The former owner loses "all [his] right, title, and interest in and to the property at the expiration of [his] right of redemption," *Piotrowski v. State Land Office Bd.*, 4 N.W.2d 514, 517 (Mich. 1942), and can no longer assert a claim with respect to the property.  *See Overton v. Mortg. Elec. Registration Sys., Inc.*, No. 284950, 2009 WL 1507342 (Mich. Ct. App. May 28, 2009) (unpublished).  A sheriff's sale was held on December 7, 2011, and the redemption period expired on June 7, 2011.  Plaintiffs did not exercise their right of redemption and, as a result, all rights, interest, and title to the subject property vested in FHLMC.

Plaintiffs argue that the foreclosure was "ripe with fraud and irregularity" because CMI paid Plaintiffs' property taxes before the due date.[1]  **[Docket No. 14, Pg**

---

[1]Defendants attach to their motion to dismiss a letter from Citi, dated May 7, 2010, which noted that taxes on the Plaintiffs' property were delinquent as of April 21, 2010, and explained that Citi had the right to "advance payment on these delinquent taxes" and/or "establish an escrow account for the payment of future taxes due." **[Docket No. 12, Ex. I]**  Although a motion to dismiss, the Court "may consider the Complaint and any exhibits attached thereto, public records, items appearing in the record of the case and exhibits attached to [the] defendant's motion to dismiss so long as they are referred to in the Complaint and central to the claims contained therein." *Bassett v. Nat'l Collegiate Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008).  The defendant may attach a written instrument to a motion to dismiss if such a document is referenced in the Complaint and central to the plaintiff's claims.  *QQC, Inc. v. Hewlett-Packard Co.*, 258 F. Supp. 2d 718, 721 (E.D. Mich. 2003).  "Otherwise, a

ID 309]  A former owner may holdover and challenge the validity of the foreclosure in summary eviction proceedings.  *See Reid v. Rylander*, 258 N.W. 630, 631 (Mich. 1935).   However, he is limited to challenging the procedure itself and no other underlying equities.  *Id.*  "[A] strong case of fraud or irregularity, or some peculiar exigency, [is required] to warrant setting a foreclosure sale aside."  *United States v. Garno*, 974 F. Supp. 628, 633 (E.D. Mich. 1997); *see also Senters*, 503 N.W.2d at 643–44; *Sweet Air Inv., Inc. v. Kenney*, 739 N.W.2d 656, 659 (Mich. Ct. App. 2007) (quoting *Garno*, 974 F. Supp. at 633).  Absent fraud or some other irregularity, the Court cannot equitably extend the redemption period.  *Overton*, 2009 WL 1507342, at *1 (quoting *Schulthies v. Barron*, 167 N.W.2d 784, 785 (Mich. Ct. App. 1969)).  Allegations of fraud are subject to heightened pleading requirements.  *See* Fed. R. Civ. P. 9(b) (requiring "a party [to] state with particularity the circumstances constituting fraud or mistake"); *Frank v. Dana Corp.*, 547 F.3d 564, 570 (6th Cir. 2008) ("At a

---

plaintiff with a legally deficient claim could survive a motion to dismiss simply by failing to attach a dispositive document."  *Weiner v. Klais & Co., Inc.*, 108 F.3d 86, 89 (6th Cir. 1997).   Defendants' exhibit directly contradicts the allegations in Plaintiffs' complaint and is more appropriately considered within the purview of a motion for summary judgment under Rule 56.   The Court will not consider any exhibits, including Exhibit I, which go beyond the four corners of the Complaint.  *See Mediacom Southeast LLC v. BellSouth Telecomms., Inc.*, 672 F.3d 396 (6th Cir. 2012) (reversing trial court grant of motion to dismiss when trial court considered settlement agreement that directly conflicted with allegations made in the complaint).

minimum, [a plaintiff] must allege the time, place and contents of the misrepresentations upon which [he or she] relied.").

Plaintiffs allege that Citi's decision to pay their taxes before the due date caused their mortgage payments to nearly double. Plaintiffs argue that, absent Citi's payment of Plaintiffs' taxes and the subsequent increase of their mortgage payments, they would have been able to make their payments and avoid foreclosure. The Court believes that this matter sufficiently touches the foreclosure process itself given that it would not have been initiated if not for the alleged irregularity on the part of Citi. *See Nett v. Wells Fargo Home Mortg., Inc.*, 2011 WL 1519166, at *3 (E.D. Mich. Apr. 20, 2011) (unpublished) (finding that the plaintiffs alleged sufficient irregularities to set aside the foreclosure when bank refused to accept payments, initiated foreclosure proceeding despite plaintiffs attempts to contact them, and refused to review paperwork when it indicated that it would). Therefore, the Court will deem this allegation sufficient to state a claim for equitable extension of the redemption period. Defendants' motion to dismiss as to Plaintiffs' claim of Violations of the Michigan Foreclosure Laws (Count I), is denied without prejudice.     **B.     Breach of Repayment Plan**

Plaintiffs argue that CMI breached the repayment plan agreement because CMI did not credit Plaintiffs' payments to the deficiency. Under Michigan law "one who

first breaches a contract cannot maintain an action against the other contracting party for his subsequent breach or failure to perform." *Flamm v. Scherer*, 198 N.W.2d 702, 706 (Mich. 1972). Contrary to Plaintiffs' contention, nothing in the repayment plan is a promise by CMI to Plaintiffs that all payments made will be credited to the deficiency. **[Docket No. 12, Ex. D]** Rather, CMI only promised to "forbear from further collection . . . , on the condition that Borrower makes all regularly scheduled payments due under the Note and Deed of Trust/Mortgage and arrears payments under this Agreement, including the down payment." **[Docket No. 12, Ex. D]** The Agreement expressly provided that all provisions in the Note and Mortgage remained in full effect. Further, the Mortgage states that CMI is under no obligation to accept full or partial payments that will not make the loan current and may hold any funds until the loan is made current. **[Docket No. 12, Ex. A]** Although Plaintiffs made approximately $13,000.00 in payments, they did not make all the payments under the repayment plan. Plaintiffs, therefore, breached the repayment plan and CMI was then entitled to proceed to foreclosure.

The Court finds that Plaintiffs' breach of the repayment plan claim fails as a matter of law and dismisses Count II with prejudice.

## C. Breach of Contract

Plaintiffs' breach of contract claim similarly fails.  Plaintiffs allege CMI breached a promise to modify the mortgage if they applied for a loan modification. However, Plaintiffs' claim is barred by the statute of frauds, which provides:

> An action shall not be brought against a financial institution to enforce any of the following promises or commitments of the financial institution unless the promise or commitment is in writing and signed with an authorized signature by the financial institution:
>
> > I.   A promise or commitment to lend money, grant or extend credit, or make any other financial accommodation.
> >
> > II.  A promise or commitment to renew, extend, modify, or permit a delay in repayment or performance of a loan, extension of credit, or other financial accommodation.
> >
> > III.  A promise or commitment to waive a provision of a loan, extension of credit, or other financial accommodation.

MICH. COMP. LAWS § 566.132(2).

The language of section 566.132(2) is unambiguous.  *See Crown Tech Park v. D & N Bank, FSB*, 619 N.W.2d 66, 72 (Mich. Ct. App. 2000).  The statute of frauds prevents a party "from bringing a claim—*no matter its label*—against a financial institution to enforce the terms of an oral promise to waive a loan provision.  *Id.* (emphasis added).  Plaintiffs attach a letter from CMI that indicates that Plaintiffs' application for loan modification was reviewed and *denied*.  Plaintiffs do not allege nor present any writing evidencing a promise by CMI to modify the loan.

9

Plaintiffs further assert that, as a participant in the Home Affordable Modification Program (HAMP), Defendants had a duty to modify the loan. However, there is no private right of action under HAMP. *See Hart v. Countrywide Home Loans, Inc.*, 735 F. Supp.2d 741, 748 (E.D. Mich. 2010). Further, under Michigan law, a lender generally does not owe a fiduciary duty to a borrower. *Kevelighan v. Trott & Trott, P.C.*, 771 F. Supp. 2d 763, 779 (E.D. Mich. 2010). Plaintiffs do not provide contrary authority, or any authority at all, that dictates otherwise.

Because the Court finds that Plaintiffs' breach of contract claim fails as a matter of law, Plaintiffs' Breach of Contract claim (Count III) is dismissed, with prejudice.

### D.    Fraud in the Inducement and Promissory Estoppel

Plaintiffs next argue that CMI and FHLMC fraudulently induced them to apply for a loan modification. Based on the same allegations, Plaintiffs further argue that they are entitled to relief based on promissory estoppel. They rely again on a letter denying the request for a HAMP loan modification. They further rely on a letter from Trott & Trott dated December 28, 2011, 21 days after the sheriff's sale, advising Plaintiffs of certain loss mitigation alternatives. As required by the statute of frauds, neither evidence a promise to modify the Plaintiffs' loan. *See Crown Tech*, 619 N.W.2d at 72. The first letter is a denial letter. The second letter, dated after the

10

sheriff's sale, does not contain any promise to modify Plaintiffs' loan. Rather it only describes various options that Plaintiffs may elect in order to maintain their home. Not only does the claim as pled fail to evidence a written promise to modify the loan, Plaintiffs do not allege the fraud claims with any particularity. They fail to indicate who made the statements, when they were made, the content of the statements, or why the statements were false. *See Frank*, 547 F.3d at 570.

Because the Court finds that Plaintiffs have failed to state a claim for fraud in the inducement and promissory estoppel, the Court dismisses Counts IV, V and X, with prejudice.

### E.    Slander of Title and Slander by False Publication

Plaintiffs allege that FHLMC wrongfully diminished their rights to the property by publishing notices of foreclosure and publishing the foreclosure in the newspapers. "In Michigan, slander of title claims have both a common-law and statutory basis." *B & B Inv. Group v. Gitler*, 581 N.W.2d 17, 20 (Mich. 1998); MICH. COMP. LAWS § 565.108. To prevail, Plaintiffs must show falsity, malice, and special damages. *Id.* Special damages include litigation costs, impairment of vendibility, and loss of rent or interest. *Id.* at 9. "Malice may not be inferred merely from the filing of an invalid lien; the plaintiff must show that the defendant knowingly filed an invalid lien with the intent to cause the plaintiff injury." *Stanton v. Dachille*, 463 N.W.2d 479, 486

11

(Mich. 1990). Here, Plaintiffs' claim fails because it was CMI and not FHLMC that initiated foreclosure proceedings. **[Docket No. 12, Ex. E]** FHLMC merely purchased the property at the foreclosure sale. The Court finds that Plaintiffs have failed to state a plausible claim for slander of title or slander by publication and dismisses Counts VII and VIII with prejudice.

## III.    CONCLUSION

Given the Court's finding that Plaintiffs have stated a plausible claim for equitable extension of the redemption period, the Court believes that a finding as to Plaintiffs' remaining claims—Quiet Title (Count VI); Violations of M.C.L. § 600.3205(c) (Count IX); Relief from Sheriff Sale and/or Set Aside Foreclosure (Count XI); and Declaratory and Injunctive Relief Against Defendant (Count XII)—is premature. Therefore, the Court dismisses these claims without prejudice.

Accordingly,

**IT IS ORDERED** that Defendants' Motion to Dismiss Plaintiffs' Complaint **[Docket No. 12, filed February 15, 2013]** is **GRANTED, IN PART**, and **DENIED, IN PART**.

**IT IS FURTHER ORDERED** that Plaintiffs' claims for Breach of Contract as to "Repayment Plan" (Count II), Breach of Contract (Count III), Fraud in the Inducement as to Defendant CitiMortgage, Inc. (Count IV), Fraud in the Inducement

12

as to Defendant Federal Home Loan Mortgage Corporation (Count V), Slander of Title (Count VII), Slander by False Publication (Count VIII), and Promissory Estoppel (Count X), are dismissed, with prejudice.

**IT IS FURTHER ORDERED** that Plaintiffs' claims for Quiet Title (Count VI), Violations of M.C.L. § 600.3205(c) (Count IX), Relief from Sheriff Sale and/or Set Aside Foreclosure (Count XI), and Declaratory and Injunctive Relief Against Defendant (Count XII), are dismissed, without prejudice.

**IT IS FURTHER ORDERED** that Plaintiffs' claim for Violations of the Michigan Foreclosure Laws (Count I), remains.

**IT IS FURTHER ORDERED** that a status conference is set for March 10, 2014, at 3:00 p.m.

**IT IS SO ORDERED**.

S/Denise Page Hood
Denise Page Hood
United States District Judge

Dated:  February 19, 2014

I hereby certify that a copy of the foregoing document was served upon counsel of record on February 19, 2014, by electronic and/or ordinary mail.

S/LaShawn R. Saulsberry
Case Manager

13