## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

DENNIS A. KORENCHUK and JENNIFER L. KORENCHUK

        Plaintiffs,

v.                                Case No. 12-CV-12692
                                Honorable Denise Page Hood

CITIMORTGAGE, INC., and FEDERAL HOME LOAN MORTGAGE CORPORATION,

        Defendants.

_____/

## ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

        This matter comes before the Court on Defendants CitiMortgage Inc. and the Federal Home Loan Mortgage Corporation's Motion for Summary Judgment, filed April 15, 2014. **[Docket No. 21]** Plaintiffs filed a Response to this Motion **[Docket No. 23, filed May 14, 2014]** and Defendants filed a Reply. **[Docket No. 24, filed May 28, 2014]** For the reasons stated below, Defendants' Motion for Summary Judgment should be **GRANTED**. This matter is **DISMISSED**.

## I.      BACKGROUND

This matter involves a challenge to the foreclosure of a certain property located at 9104 Moonlight Bay, Hamburg Township, MI 48169.  **[Complaint, Docket No. 1, Pg ID 11]**  Plaintiffs Dennis and Jennifer Korenchuk executed a loan with ABN AMRO Mortgage Group, Inc. ("ABN Mortgage Group") for $282,900.00 on July 8, 2003.  **[Docket No. 12, Ex. A]**  The mortgage was recorded on July 31, 2003, with the Livingston County Register of Deeds.  **[Docket No. 12, Ex. A]**  The Note was secured by a mortgage.  **[Docket No. 12, Ex. B]**  On September 1, 2007, ABN Mortgage Group merged with Defendant CitiMortgage, Inc.  **[Docket No. 12, Ex. C]**

Plaintiffs filed this action in Livingston County Circuit Court on June 6, 2012, and Defendants removed it to this Court on June 20, 2012.  **[Docket No. 1]**  Plaintiffs alleged in their Complaint: Violations of the Michigan Foreclosure Laws (Count I); Breach of Contract as to "Repayment Plan" (Count II); Breach of Contract (Count III); Fraud in the Inducement as to Defendant CitiMortgage, Inc. (Count IV); Fraud in the Inducement as to Defendant Federal Home Loan Mortgage Corporation (Count V); Quiet Title (Count VI); Slander of Title (Count VII); Slander by False Publication (Count VIII); Violations of M.C.L. § 600.3205(c) (Count IX); Promissory Estoppel

(Count X); Relief from Sheriff Sale and/or Set Aside Foreclosure (Count XI); For Declaratory and Injunctive Relief Against Defendant (Count XII).

On February 15, 2013, Defendants filed a Motion to Dismiss **[Docket No. 12]** which was fully briefed. The Court held a hearing on this Motion on April 24, 2013, and on February 19, 2014, this Court entered an Order Granting in Part, and Denying in Part, Defendants' Motion to Dismiss. **[Docket No. 18]** In that Order, the Court dismissed, with prejudice, Plaintiffs' claims for Breach of Contract as to "Repayment Plan" (Count II), Breach of Contract (Count III), Fraud in the Inducement as to Defendant CitiMortgage, Inc. (Count IV), Fraud in the Inducement as to Defendant Federal Home Loan Mortgage Corporation (Count V), Slander of Title (Count VII), Slander by False Publication (Count VIII), and Promissory Estoppel (Count X). Additionally, the Court dismissed, without prejudice, Plaintiffs' claims for Quiet Title (Count VI), Violations of M.C.L. § 600.3205(c) (Count IX), Relief from Sheriff Sale and/or Set Aside Foreclosure (Count XI), and Declaratory and Injunctive Relief Against Defendant (Count XII). Remaining is Plaintiffs' claim for Violations of the Michigan Foreclosure Laws (Count I).

## II.   ANALYSIS

Summary judgment is appropriate in cases where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,

3

show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The moving party bears the burden of demonstrating that summary judgment is appropriate. *Equal Employment Opportunity Comm'n v. MacMillan Bloedel Containers, Inc.*, 503 F.2d 1086, 1093 (6th Cir. 1974). The Court must consider the admissible evidence in the light most favorable to the nonmoving party. *Sagan v. United States of Am.*, 342 F.3d 493, 497 (6th Cir. 2003).

"At the summary judgment stage, facts must be viewed in the light most favorable to the nonmoving party *only* if there is a 'genuine' dispute as to those facts." *Scott v. Harris*, 550 U.S. 372, 380 (2007) (emphasis added). To create a genuine issue of material fact, the nonmovant must do more than present "some evidence" of a disputed fact. Any dispute as to a material fact must be established by affidavits or other documentary evidence. Fed. R. Civ. P. 56(c). "If the [nonmovant's] evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 249-50 (citations omitted). Accordingly, a nonmovant "must produce evidence that would be sufficient to require submission to the jury of the dispute over the fact." *Mathieu v. Chun*, 828 F. Supp. 495, 497 (E.D. Mich. 1993) (citations omitted). "When opposing parties tell two different stories, one of which is blatantly

4

contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." *Scott*, 550 U.S. at 380.

Under Michigan law, non-judicial foreclosures are governed by statute. MICH. COMP. LAWS § 600.3204; *Senters v. Ottawa Sav. Bank, FSB*, 503 N.W.2d 639, 641 (Mich. 1993). "Once the mortgagee elects to foreclose a mortgage by this method, the statute governs the prerequisites of the sale, notice of foreclosure and publication, mechanisms of the sale, and redemption." *Id.* After a foreclosure sale, the mortgagor has a period of six months in which he may redeem the property. MICH. COMP. LAWS § 600.3240(8). Upon expiration of the redemption period, all rights and title vest in the purchaser of the foreclosed property. *See* MICH. COMP. LAWS § 600.3236. The former owner loses "all [his] right, title, and interest in and to the property at the expiration of [his] right of redemption," *Piotrowski v. State Land Office Bd.*, 4 N.W.2d 514, 517 (Mich. 1942), and can no longer assert a claim with respect to the property. *See Overton v. Mortg. Elec. Registration Sys., Inc.*, No. 284950, 2009 WL 1507342 (Mich. Ct. App. May 28, 2009) (unpublished). and, as a result, all rights, interest, and title to the subject property vested in FHLMC.

A former owner may holdover and challenge the validity of the foreclosure in summary eviction proceedings. *See Reid v. Rylander*, 258 N.W. 630, 631 (Mich.

5

1935).  However, the owner is limited to challenging the procedure itself and no other underlying equities.  *Id.*  "[A] strong case of fraud or irregularity, or some peculiar exigency, [is required] to warrant setting a foreclosure sale aside." *United States v. Garno*, 974 F. Supp. 628, 633 (E.D. Mich. 1997); *see also Senters*, 503 N.W.2d at 643–44; *Sweet Air Inv., Inc. v. Kenney*, 739 N.W.2d 656, 659 (Mich. Ct. App. 2007) (quoting *Garno*, 974 F. Supp. at 633).  Absent fraud or some other irregularity, the Court cannot equitably extend the redemption period.  *Overton*, 2009 WL 1507342, at *1 (quoting *Schulthies v. Barron*, 167 N.W.2d 784, 785 (Mich. Ct. App. 1969)).  Allegations of fraud are subject to heightened pleading requirements.  *See* Fed. R. Civ. P. 9(b) (requiring "a party [to] state with particularity the circumstances constituting fraud or mistake"); *Frank v. Dana Corp.*, 547 F.3d 564, 570 (6th Cir. 2008) ("At a minimum, [a plaintiff] must allege the time, place and contents of the misrepresentations upon which [he or she] relied.").

Here, Defendants contend that this Court should grant summary judgment relief because "there is no genuine issue of material fact and Plaintiffs' last remaining claim in this case, for Violations of Michigan Foreclosure Laws (Count I), fails as a matter of law." **[Docket No. 21, Pg ID 391]** Defendants assert that "there was no fraud or irregularity on the part of Defendants in the foreclosure procedure" and that Plaintiffs have failed to show fraud or irregularity.  Defendants state that CitiMortgage fully

6

complied with the Michigan foreclosure laws and provided Plaintiffs with the required notices.  Further, Defendants claim that a May 7, 2010, Delinquency Letter that was sent to the Plaintiffs "directly contradicts Plaintiffs' allegation of irregularity." **[Docket No. 21, Pg ID 397]**

Additionally, Defendants argue that Plaintiffs no longer have standing to assert an interest in the property because the redemption period has expired.  Defendants state that Plaintiffs defaulted on their loan and admit that they failed to make their monthly payments under the Note.  Defendants assert that Plaintiffs entered into a Repayment Plan and then breached the Repayment Plan.  It is undisputed that the Plaintiffs stopped paying their mortgage on the property and it was sold at Sheriff's Sale on December 7, 2011, to Defendant Federal Home Loan Mortgage Corporation. **[Docket No. 1, Pg ID 13; Docket No. 12, Ex. E]** It is also undisputed that the redemption period expired six-months after the date of sale, on June 7, 2012.[1] **[Docket No. 12, Ex. E]**

In response, Plaintiffs allege that CitiMortgage's decision to pay their taxes before the due date caused their mortgage payments to nearly double.  Plaintiffs contend that they "successfully and timely made the mortgage payments, paid the

---

[1] Plaintiffs do not allege that they attempted to redeem the property prior to the expiration of the redemption period.

property taxes and insurance premium" until 2010 when, "for reasons still unknown Defendant [CitiMortgage] stepped in [and] paid the property taxes . . . despite the fact that said property taxes had already been paid by Plaintiffs." **[Docket No. 23, Pg ID 451]** Plaintiffs argue that, absent CitiMortgage's payment of Plaintiffs' taxes and the subsequent increase of their mortgage payments (from \$1,216.37 to \$2,196.27) they would have been able to make their payments and avoid foreclosure. **[Docket No. 23, Pg ID 451]** Plaintiffs assert, throughout their motion and by affidavit from Mr. Korenchuck, that they "did pay the Winter 2009 property taxes" and that Mr. Korenchuck "provide[d] a check in the amount of \$2,456.22." **[Docket No. 23, Pg ID 470]** Further, Plaintiffs claim to have advised Defendant CitiMortgage of the Winter 2009 tax payment. **[Docket No. 23, Pg ID 471]**

The Court notes as it did in its previous Order that Defendants attach to their motion a letter from CitiMortgage, dated May 7, 2010, in which CitiMortgage notifies the Plaintiffs that the taxes on the Plaintiffs' property were "delinquent . . . as of April 21, 2010." **[Docket No. 21, Ex. D, Pg ID 427]** CitiMortgage informed the Plaintiffs that they must "forward proof of [the] tax payment to [CitiMortgage] within 30 days of [the] Notice Date" and that if Plaintiffs failed to do so, CitiMortgage had the right to "advance payment on these delinquent taxes" and/or "establish an escrow account

for the payment of future taxes due." **[Id.]** Plaintiffs were notified that "[i]f an escrow account [was] established, [their] monthly payments may increase to cover the payment advanced for delinquent taxes, as well as the new monthly tax escrow collection." **[Id.]** Plaintiffs were advised to provide a copy of the paid tax receipt or a front/back copy of the cancelled check by June 6, 2010, or risk CitiMortgage advancing payment on the tax delinquency. Defendants contend that because Plaintiffs failed to comply, CitiMortgage was forced to make payment and set up an escrow account.

Viewing the facts in the light most favorable to the Plaintiffs, the Court is unpersuaded that genuine issues of material fact still exist. The Court appreciates Plaintiffs' claim that they made a timely Winter 2009 tax payment as well as Plaintiff Dennis Korenchuck's affidavit in which he swears that tax payment was remitted. Conversely, Defendants claim that Plaintiffs failed to make payments and that their failure to do so led CitiMortgage to make a payment that resulted in an increase in the monthly mortgage payment amount for the Plaintiffs. At first glance this disagreement appears to create an issue of fact, that is, whether Plaintiffs made a timely Winter 2009 tax payment (or any payment at all), particularly because it is undisputed that CitiMortgage made a tax payment and the advanced payment of property taxes in conjunction with the creation of an escrow account directly led to

9

a substantial increase in the mortgage payments that the Plaintiffs were expected to make.  However, the Court is unpersuaded that this contention creates the kind of "genuine issue" that can withstand summary judgment relief.

Because self-serving affidavits, alone, are not enough to create an issue of fact sufficient to survive summary judgment, *see Anderson*, 477 U.S. at 251 *Copeland v. Machulis*, 57 F.3d 476, 479 (6th Cir.1995), Plaintiffs' claim for relief fails.  Plaintiffs, have produced but a "scintilla" of evidence in support of their factual contention, through the Complaint and affidavit, that payment was actually made.  Plaintiffs have not submitted to the Court any proof of payment.  They have not attached a copy of the check they alleged to have sent, a bank statement showing that payment was made, or notice from the Township that payment had been received.  The Court notes that Plaintiffs' own exhibit shows that as of May 6, 2014, the Hamburg Township Treasury Department website still lists the Winter 2009 taxes as "unpaid." **[Docket No. 23, Ex. 3, Pg ID 472]**  The Court also notes that following the hearing on this Motion, on direction of the Court to all parties, Defendants filed a supplement to their motion **[Docket No. 25, filed June 25, 2014]** which included a copy of the check that Defendants sent to the Hamburg Township Treasury dated August 20, 2010 (despite the website indicating that the taxes were unpaid).  Viewing the facts in the light most favorable to the Plaintiffs and considering that Plaintiffs have not provided the Court

10

with any proof that they remitted payment, Plaintiffs have not shown that genuine issues of material fact exist and Defendants' Motion for Summary Judgment must be granted.

Accordingly,

**IT IS ORDERED** that Defendants' Motion for Summary Judgment **[Docket No. 21, filed April 15, 2014]** is **GRANTED**.

**IT IS FURTHER ORDERED** that this matter is **DISMISSED**.

**IT IS SO ORDERED**.


S/Denise Page Hood
Denise Page Hood
United States District Judge

Dated:  September 23, 2014

I hereby certify that a copy of the foregoing document was served upon counsel of record on September 23, 2014, by electronic and/or ordinary mail.

S/LaShawn R. Saulsberry
Case Manager

11